**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
       *Plaintiff-Appellee,*

v.

WILLIAM HENRY MILLER, a/k/a
Frances M. Buck,
       *Defendant-Appellant.*

No. 02-4880

Appeal from the United States District Court
for the Eastern District of North Carolina, at Raleigh.
James C. Fox, Senior District Judge.
(CR-02-38)

Submitted: July 29, 2003

Decided: August 28, 2003

Before TRAXLER, KING, and GREGORY, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

## COUNSEL

Sue Genrich Berry, BOWEN, BERRY, POWERS & SLAUGHTER, P.L.L.C., Wilmington, North Carolina, for Appellant. Frank D. Whitney, United States Attorney, Anne M. Hayes, Assistant United States Attorney, Raleigh, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

---

**OPINION**

PER CURIAM:

William Henry Miller was convicted of possession with intent to distribute fifty or more grams of cocaine base and cocaine hydrochloride, in violation of 21 U.S.C. § 841(a)(1) (2000), possession of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (2000), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) (2000). Miller's counsel has filed an appeal under *Anders v. California*, 386 U.S. 738 (1967). Miller has been accorded the opportunity to file a pro se supplemental brief, but has not done so.

First, Miller asserts the evidence was insufficient to sustain his conviction for possession of a firearm during and in relation to a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (2000). In assessing a challenge to the sufficiency of evidence, we must uphold a guilty verdict if, viewing the evidence in the light most favorable to the Government, there is substantial evidence to support it. *Glasser v. United States*, 315 U.S. 60, 80 (1942). Applying this standard of review, we find that the evidence is easily sufficient to support Miller's conviction. 18 U.S.C. § 924(c)(1) (2000); *United States v. Lomax*, 293 F.3d 701, 705 (4th Cir.), *cert. denied*, 123 S. Ct. 555 (2002).

Second, Miller asserts the district court gave erroneous jury instructions on the charge for possession of a firearm during and in relation to a drug trafficking crime. We review this challenge for plain error because Miller did not object to the jury instructions in district court. Fed. R. Crim. P. 52(b); *United States v. Olano*, 507 U.S. 725, 733-37 (1993). Like Miller's challenge to the sufficiency of evidence, his challenge to the jury instructions lacks merit. The instructions, taken as a whole, adequately state the controlling legal principles. *United States v. Cobb*, 905 F.2d 784, 788-89 (4th Cir. 1990).

Third, Miller asserts his convictions were tainted by inconsistent testimony from law enforcement officers. We review this issue for plain error because Miller has raised it for the first time on appeal. Fed. R. Crim. P. 52(b); *Olano*, 507 U.S. at 733-37. Once again, we conclude that this claim is meritless. Miller has failed to establish that the challenged testimony was inconsistent or misleading, and even if he had more support for this contention, we would be unable to revisit the issue of witness credibility. *United States v. Beidler*, 110 F.3d 1064, 1067 (4th Cir. 1997) ("[T]he jury, not the reviewing court, weighs the credibility of the evidence and resolves any conflicts in the evidence presented." (internal quotation marks omitted)).

Accordingly, we affirm Miller's convictions and sentences. In accordance with *Anders*, we have reviewed the entire record in this case and find no other meritorious issues for appeal. At this time, we deny Miller's counsel's motion to withdraw from the case. This Court requires that counsel inform her client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

*AFFIRMED*